**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JULIO CESAR LOYO VEGAS,

Petitioner,

v.

Case No. 2:26-cv-03313-MIS-JFR

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Julio Cesar Loyo Vegas's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 2, filed October 3, 2026. The federal Respondents filed a Response on October 21, 2026 ("Response").[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Venezuela who entered the United States on March 2, 2016, at Miami, Florida, as a B-2 nonimmigrant visitor, with authorization to remain through September 1, 2016. See Pet. at ¶ 1. He has resided in the United States since his entry. See generally Pet. In November 2024, Petitioner was convicted in Lee County, Florida, of driving while intoxicated and sentenced to 11 months and 29 days of probation. Pet. at Ex. I. Petitioner completed the terms of his probation on or about January 21, 2026. Id.

On July 24, 2026, United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody and served him with a Notice to Appear charging him as removable under the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a0(1)(B), for remaining in the United States after the expiration of his visa. Pet. ¶ 2. He has been detained ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. ¶¶ 2-3.

On August 10, 2026, an Immigration Judge held a bond hearing to determine Petitioner's custody status. Order of the Immigr. Judge I, Pet. at Ex. D. The Immigration Judge denied Petitioner's request for a change in his custody status stating "Flight risk, visa overstay, speculative form of relief, application for work permission is expired and/or denied, and danger to the community. He has a 2024 DWI conviction." Id. Petitioner then filed his initial Petition ("Initial Petition") for a Writ of Habeas Corpus. Case No. 2:26-cv-2890-KWR-JFR, ECF No. 1 ("Loyo Vegas I"). On September 11, 2026, Judge Kea W. Riggs denied the Initial Petition, noting that although a petitioner may challenge the fundamental constitutional fairness of a bond hearing, in the Initial Petition, Petitioner "merely challenges the immigration judge's determination of a flight

risk based on alleged errors in weighing the evidence and considering the Guerra factors." Loyo Vegas I, ECF No. 7 at 3.

On September 17, 2026, Petitioner had a second bond hearing, and the Immigration Judge again denied him bond finding that Petitioner "was arrested and later convicted of DWI in September of 2024. The court finds that the Respondent is both a danger to the community as well as a flight risk based on his recent criminal history." Order of the Immigr. Judge II, ECF 2 at Ex. E. On October 3, 2026, Petitioner then filed the instant Petition. ECF No. 2.

On October 6, 2026, the Court issued an Order to Show Cause and Enjoining Transfer which instructed Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." ECF No. 4.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

In the instant Petition, Petitioner appears to argue that his detention violates his Fifth Amendment due process rights because the September 17, 2026, decision by the Immigration Judge was not a meaningful, individualized determination of his present risk, and therefore constitutionally inadequate. ECF No. 2 at 12-13. He does not argue that the Immigration Judge improperly considered his 2024 DWI conviction, but that the Immigration Judge failed to "meaningfully address[] whether that history, considered in light of Petitioner's subsequent conduct and current circumstances, demonstrates that he poses the risk asserted as a basis for continuing his detention." Id. at 13. He requests a new bond hearing and release from custody if Respondents fail to provide a constitutionally adequate custody determination. Id. at 15-16.

Respondents first argue that the instant Petition is barred by 28 U.S.C. § 2244(b). ECF No. 7 at 4. Next, Respondents argue that 8 U.S.C. § 1226(e) bars the Court from reviewing the Attorney General's "discretionary decision," i.e. that of the Immigration Judge. Id. at 5-6. Respondents argue that the Immigration Judge's September 17, 2026, bond decision, resting on Petitioner's DWI conviction, "demonstrates no lack of procedural or substantive due process." Id. at 5.

The Court summarily rejects Respondents' first argument. For one, Petitioner challenges the constitutional adequacy of a bond hearing that was not before the Court in Loyo Vegas I, and so while his claim is similar it arises from a different set of operative facts. More importantly, as this Court has reminded Respondents many times, Tenth Circuit precedent squarely forecloses it. Stanko v. Davis, 617 F.3d 1262, 1268 (10th Cir. 2010); Briceno Pernia v. Warden, No. 2:26-CV-03221-MIS-JHR, 2026 WL 3059448, at *2 (D.N.M. Oct. 13, 2026); Castellano v. De Anda-Ybarra, No. 2:26-CV-02784-MIS-GBW, 2026 WL 2982907, at *2 (D.N.M. Oct. 5, 2026); Moh v. Mullin, No. 2:26-CV-02672-MIS-JMR, 2026 WL 2592914, at *2 (D.N.M. Sep. 2, 2026);

Hernandez Mora v. Warden, No. 2:26-CV-01742-MIS-KRS, 2026 WL 1735104, at *1 (D.N.M. June 16, 2026); Khan v. Current Sec'y of Dep't of Homeland Sec., No. 2:26-CV-00315-MIS-GJF, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026). Respondents offer no good faith argument for extending, modifying, or reversing existing law. See generally Resp. The Court therefore directs Respondents to review this order and circulate it among counsel within the District of New Mexico responsible for responding to Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by noncitizen detainees. In addition, the Court advises Respondents that should it continue to receive, on a regular basis, similar arguments, without a good faith argument for modifying or reversing the applicable precedent, it shall consider whether sanctions pursuant to Federal Rule of Civil Procedure 11 are appropriate.

Turning to Respondents' second argument, the Court notes that while it does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court has jurisdiction to review constitutional challenges to bond decisions, Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1.

Here, although the Immigration Judge's decision is sparse, the Immigration Judge offers a reasoned basis for the decision – Petitioner's recent criminal charges. Although the Immigration Judge does not elaborate on Petitioner's conduct since his criminal conviction, he does point out

that his criminal conviction is relatively recent. Order of the Immigr. Judge II, Pet. at 31. As Petitioner acknowledges, In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006) permits an Immigration Judge to consider a broad range of factors, including criminal charges and convictions. Pet. at 13; see also Rodriguez Florez v. Mullin, No. 1:26-CV-03079-MIS-GJF, 2026 WL 3168700, at *3 n.2 (D.N.M. Oct. 22, 2026). Petitioner seems to suggest that the Immigration Judge should have weighed the evidence – in particular evidence that Petitioner had not incurred any subsequent criminal charges since his conviction – differently. This is, however, precisely the kind of discretionary decision – involving the weight of evidence – that § 1226(e) prohibits, and the proper forum for such arguments is the Board of Immigration Appeals. Loyo Vegas I, ECF No. 7 at 3; Rodriguez Florez, 2026 WL 3168700, at *3 n.2; Cortes-Sagastume v. Baltazar, No. 26-CV-03664-NYW, 2026 WL 3134840, at *4 (D. Colo. Oct. 20, 2026); Garay-Mercado v. Castro, No. 2:26-CV-01119-MIS-KK, 2026 WL 1948159, at *4 (D.N.M. July 6, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *7 (D.N.M. Mar. 23, 2026); Slim v. Nielson, No. 18-CV-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018).

The Court finds Petitioner received a constitutionally adequate bond hearing, which is all the process he is due under the Immigration and Nationality Act and Santillan Quiroz. 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)[.]"). The Immigration Judge's discretionary flight risk/danger to the community determination is not subject to judicial review. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87

(10th Cir. 2012); Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Singh v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Chen v. Dorneker, Case No. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Because the Court can discern no basis for habeas relief, the Petition must be denied.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 2, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE